An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IRENE NORTIER,
Appellant,
vs.
PAUL EVERET'S RV COUNTRY,
Respondent.

No. 58730

**FILED**

MAR 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of an administrative decision in a workers' compensation action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

An appeals officer denied appellant's request for temporary total disability (TTD) benefits based on the officer's conclusion that respondent had kept open a valid offer of light-duty employment for appellant. Appellant then filed a petition for judicial review, which the district court denied, and this appeal followed.

"This court, like the district court, reviews an appeals officer's decision for clear error or abuse of discretion." Dickinson v. American Medical Response, 124 Nev. 460, 465, 186 P.3d 878, 882 (2008); see also NRS 233B.135(3) (setting forth the standard for judicial review of an agency's decision). "We may not substitute our judgment for that of the appeals officer as to credibility determinations or the weight of the evidence on a question of fact." Dickinson, 124 Nev. at 466, 186 P.3d at 882. Moreover, although we review issues of law de novo, "the appeals officer's fact-based legal conclusions are entitled to deference and will not be disturbed if they are supported by substantial evidence. Substantial evidence is evidence that a reasonable person could accept as adequately

13-07896

supporting a conclusion." Id. at 465-66, 186 P.3d at 882 (footnotes omitted).

Pursuant to NRS 616C.475(5), an employer may cease paying TTD benefits once the employer offers the injured employee light-duty employment that satisfies the work restrictions imposed by the employee's treating physician. Thus, by implication, if an employer revokes a light-duty employment offer once the employee has accepted it, the employer again becomes obligated to pay TTD benefits.

Here, it is undisputed that respondent offered appellant light-duty employment, that appellant accepted this employment for two days, and that appellant did not report for work on the third day. On appeal, appellant contends that the appeals officer improperly denied her TTD benefits because appellant reasonably believed that respondent had revoked its offer of light-duty employment following the second day. Cf. 1 Richard A. Lord, Williston on Contracts § 5:8 (4th ed. 2007) ("[I]f the offeror uses equivocal or inexplicit language, it may not be sufficient to operate as a revocation. Whether it has that effect will ordinarily be a question of fact, depending upon what a reasonable person in the position of the offeree would have thought.").

For support, appellant relies on her supervisor's testimony before the appeals officer in which he testified that he instructed appellant to "go home and take care of herself" and that respondent would "try and put her on light duty" at a later time. Appellant contends that this testimony constituted evidence that she was reasonable in believing that her supervisor, on behalf of respondent, had revoked the light-duty employment offer.

We disagree. As an initial matter, the supervisor's statement to appellant was equivocal in terms of whether he was rescinding the light-duty employment offer or keeping it open for when appellant felt

capable of working again. Moreover, testimony from respondent's supervisor and office manager demonstrated that the office manager was the person tasked with handling appellant's workers' compensation claim and that the office manager would have been the person to revoke the light-duty employment offer.[1] Thus, the appeals officer did not clearly err in determining that appellant was unreasonable in believing that her light-duty employment offer had been revoked.

Because substantial evidence supports the appeals officer's conclusion that respondent kept open an offer of light-duty employment, the officer did not abuse her discretion in denying TTD benefits to appellant. Dickinson, 124 Nev. at 465-66, 186 P.3d at 882; NRS 233B.135(3). Accordingly, we affirm the district court's denial of appellant's petition for judicial review.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[1]Appellant also testified that the office manager told her that there was no light-duty work available for appellant to perform. According to appellant, this statement also constituted a revocation of her light-duty employment offer. The office manager, however, testified that there was plenty of light-duty work available and that she never told appellant otherwise. The appeals officer found that the office manager's testimony was more credible, and we cannot reweigh this credibility determination. Dickinson, 124 Nev. at 466, 186 P.3d at 882.

cc: Hon. Timothy C. Williams, District Judge
William F. Buchanan, Settlement Judge
Greenman Goldberg Raby & Martinez
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Eighth District Court Clerk